# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

| | |
|---|---|
| In re<br><br>J. Edward Staffing LLC,<br><br>Debtor | Chapter 11, No. 26-30766-EDK |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL REQUESTING EXPEDITED HEARING

To the **HONORABLE ELIZABETH D. KATZ**, Chief Bankruptcy Judge:

Pursuant to Sections 363 and 105 of the Bankruptcy Code (the "Bankruptcy Code"), Bankruptcy Rule 4001, and MBLR 4001-2, J. Edward Staffing LLC, the debtor in the above captioned Chapter 11 case (the "Debtor")(the "Case" or "Chapter 11 Case"), requests the entry of an order authorizing it to utilize certain assets and proceeds that may be considered "cash collateral". This motion concerns the real properties of the Debtor's rental properties as described below: In support of this motion, the Debtor respectfully represents as follows:

## BACKGROUND

1. On November 22, 2026 (the "Commencement Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §1107, the Debtor is operating its businesses and manage its affairs and properties as a debtor in possession

2. The Debtor is primarily a temporary employment agency that provides nursing and medically trained professionals to hospitals and related medical facilities. It provides at least thirty (30) professionals, and each is considered necessary to provide essential medical services that may be considered urgent. Its services are provided primarily in the Western Massachusetts area, although it provides services throughout the country.

3. The primary funder of the Debtor's operations is Paychex Advance LLC, which entered into a Factoring and Security Agreement between Seller and the Debtor dated December 3, 2021 (the "Factoring Agreement"). Paychex Advance LLC is a New York limited liability company doing business as "Advance" (hereinafter referred to as "Advance").

4. Under the Factoring Agreement Advance purchases accounts receivables of the Debtor as the accounts receivables are generated. Over the past 2 years, Advanced has purchased over $5 million of accounts receivable which have not been turned over to Advance even though the validity of the accounts is not in dispute. This non-payment is discussed in the immediately following paragraph.

5. Approximately 3 years ago, the Debtor began to obtain funds from certain funders known providing "merchant cash advances". These funders ("MCA Funders") assert purchase interests in receivables in exchange for advances of funding. The Debtor estimates that it has claims from these MCA Funders of approximately $700,000. The Debtor utilized these funds in an effort to expand, which was not successful. Still the Debtor maintained its operations during this time.

6. The Debtor believes that the interests of Advance are superior to the interests of the MCA Funders, due to the agreements with Advance and Advance's UCC filings. Regardless, the MCA Funders have notified all holders of accounts receivables that they should pay them (the respective MCAs) rather than Advance; in some cases, MCA Funders have commenced legal actions. Despite significant communications with the MCA Funders, they have not released any claims so that Advance can collect, but Advance has continued to fund the Debtor, primarily its payroll. As a result, Advance has funded at least $5 million of payroll without receiving payment for nearly 2 years. Accordingly, Advance has claims to over $5 million in accounts receivable.

## **<u>CASH COLLATERAL REQUEST AND ADEQUATE PROTECTION</u>**

7. The Debtor needs to use the cash collateral assets generated by its operations to continue to provide nursing and medically trained professionals to hospitals and related medical

facilities, most (if not all) of which is necessary to provide essential medical services that may be considered urgent.

8. This request for use of cash collateral is made pursuant to Sections 363 and 105 of the Bankruptcy Code Bankruptcy Rule 4001, and MBLR 4001-2. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**ADEQUATE PROTECTION**

9. The Debtor proposes to use cash collateral pursuant to a budget for the income and expenses as included in the attached proposed order. The revenue for the next 30 days is estimated to approach $300,000.

10. Advance will fund all expenses over the next 30 days by advancing sufficient funds to pay expenses pursuant to the attached "DEBTOR-IN-POSSESSION FACTORING AND SECURITY AGREEMENT" (the "DIP Agreement") and the attached projections. Attached are projections of all expenses.

11. The Debtor will turn over all receivables generated after the commencement of the Chapter 11 Case to Advance as they are generated and received. The Debtor will instruct all clients to turn over all receivables generated after the Commencement of the Chapter 11 case to the Debtor. To the extent that the Debtor receives payments in excess of its expenses, the Debtor will hold such funds in its debtor in possession account until further order of the Court. To the extent that Advance receives funds for the receivables generated prior to or after the Chapter 11 filing, Advance will turnover such amount to the Debtor to be held in the Debtor's Debtor in Possession Account or set aside such funds until further order of the Court, although payments received by Advance will may be applied to any advances made post-petition.

12. By this Motion, the Debtor requests that Paychex Advance LLC be authorized to advance additional funds to the Debtor based upon the DIP Agreement, and the projections attached hereto, and that Paychex Advance LLC shall have the protections of 11 U.S.C. §362(c) and (d) as senior liens and priority debt subject only to the exceptions provided in the DIP Agreement.

13. As additional adequate protection, to the extent that the Debtor's use of cash collateral results in a decrease in the value of secured creditors' interest in their collateral, all secured creditors are granted replacement liens and security interests to the same extent, validity, and enforceability of their perfected security interests as of the petition date not subject to avoidance.

14. The Debtor believes that the use of cash collateral as detailed in the attached budget will act as adequate protection as it will maintain the value of the Debtor's operations, properties, preserve the collateral by payment of insurance, and safeguard the value of the Debtor's operations.

15. The Debtor includes a proposed budget in the attached proposed order for the next four weeks. As the Debtor's bank account(s) were closed prepetition, the present bank account balance, as of the date of filing, is zero.

16. To the extent that any other creditors claim a valid security interest, these claimants (along with Advance), for adequate protection, will maintain their security interests in the Debtor's assets and the resulting proceeds.

17. Accordingly, the Debtor requests that the authority to use cash collateral to pay post-petition expenses necessary to preserve the Chapter 11 estate, including payroll, insurance, maintenance, and related items consistent with the Debtor's obligation to maintain the Debtor's assets.

18. To the extent that any client of the Debtor owing payment to the Debtor for receivables generated after the Commencement Date refuses to pay such funds to the Debtor or Advance, the Debtor requests that the Court order that all such receivables be paid to the Debtor.

19. Concerning all accounts receivable generated prior to the commencement of the Chapter 11 Case, the Debtor, with this motion, is filing a motion for authority to compromise, requesting that all such funds be forwarded to Advance in settlement of its claims to such funds.

20. The Debtor requests that the DIP Agreement be approved and incorporated into an Order approving the use of cash collateral.

21. As customers of the Debtor have faced claims by parties claiming interests in such receivables, the Debtor requests that such customers be ordered to forward such receivables to the Debtor, with any interests claimed by any party attaching to the funds until further order of the Court, with the Debtor holding such funds in its Debtor in Possession Account until further order of the Court.

## REQUEST FOR EXPEDITED HEARING

22. The Debtor requires an expedited hearing to ensure that the Debtor's operations are maintained fully.

**WHEREFORE**, the Debtor requests that the Court enter the following orders:

1. An order authorizing the Debtor to use all cash collateral proceeds as detailed above and in the attached exhibit;

2. An order granting all parties a continuing lien in the assets asserted to the extent that such liens are perfected properly and valid;

3. An order that the Debtor's customers be ordered to forward all receivables to the Debtor, with any interests claimed by any party attaching to the funds until further order of the Court, with the Debtor holding such funds in its Debtor in Possession Account until further order of the Court;

4. An order directing that the Debtor hold any excess funds, after paying necessary expenses to preserve the estate, in its Debtor in Possession account;

5. An order approving the DIP Agreement and authorizing that Paychex Advance LLC be authorized to advance additional funds to the Debtor based upon the DIP Agreement, and the projections attached hereto, and that Paychex Advance LLC shall have the protections of 11 U.S.C. §362(c) and (d) as senior liens and priority debt subject only to the exceptions provided in the DIP Agreement;

6. An order scheduling a hearing on this motion on an expedited basis; and

7. An order providing such further and necessary relief as the Court finds is just and appropriate.

J. Edward Staffing LLC,

Dated: November 22, 2026

/s/ Louis S Robin

Louis S. Robin (BBO 545578)
Law Offices of Louis S. Robin
1200 Converse Street
Longmeadow, Massachusetts 01106
Tel. No. (413) 567-3131
Tel. No. (413) 565-3131

**Certificate of Service**

In accordance with the Electronic Case Filing ("ECF") Administrative Procedures of the United States Bankruptcy Court for the District of Massachusetts, I, Louis S. Robin, hereby certify that the foregoing, filed through the ECF System, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (or as otherwise designated below by electronic notice) and that copies were sent to those indicated as non-registered participants by first class mail on November 22, 2026 as provided below.

/s/ Louis S. Robin

**Service List**

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV